UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
STANLEY ERNEST,

                                    Plaintiff,

            v.

OCFS, SCR, NYPD,

                                    Defendants.
------------------------------------------------------------------------x

***SUA SPONTE***
**REPORT AND**
**RECOMMENDATION**

26-CV-2185
(Donnelly, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro Se* Plaintiff Stanley Ernest brings this action against Defendants New York State Office of Children and Family Services ("OCFS"), the New York Statewide Central Register of Child Abuse and Maltreatment ("SCR"), and the New York City Police Department ("NYPD") (collectively, "Defendants"), seeking relief for "employment opportunities being interrupted" and "defamation of character."  *See* Dkt. No. 1 at 6.[1]  Plaintiff asserts subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  *Id*. at 2.

For the reasons set forth below, the undersigned *sua sponte* respectfully recommends that Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 be granted, but that that this action be dismissed due to lack of subject matter jurisdiction and Plaintiff's failure to prosecute this action.[2]

I.      **Relevant Background**

Plaintiff filed a *pro se* form complaint (the "Complaint") in the U.S. District Court for the Southern District of New York on March 16, 2026.  *See* Dkt. No. 1.

----

[1] Page citations are to the ECF-stamped pages, unless otherwise noted.

[2] Olive McLeod, a judicial intern who is a second-year law student at Emory University School of Law, is gratefully acknowledged for her assistance in the research of this Report and Recommendation.

In the section titled, "I. Basis for Jurisdiction," the form complaint states:

> Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount of controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

Dkt. No. 1 at 2. In answering the question, "[w]hat is the basis for federal-court jurisdiction in your case?," Plaintiff checked the box for diversity of citizenship. *Id.* In the following section, the form complaint asks "[o]f what state is each party a citizen," Plaintiff responded that all parties are citizens of New York. *Id.* at 2-3.

The Complaint alleges that after his "ex-spouse . . . reported to NYPD, OCFS, & SCR that [he] abuse[d] his child," Plaintiff went to an NYPD precinct to "explain [that] these incidents never occurred." *Id.* at 5. According to Plaintiff, NYPD officers suggested that he "turn [him]self in or they [would] come to [his] residence with [a] group of officers" after which he was "admitted to bookings for a whole day." *Id*. at 5.

Plaintiff claims that he was then admitted to NYPD "bookings" for a second time after an alleged altercation reported by his ex-spouse and "was told to burn [him]self in the 60th Precinct October 15th, 2025." *Id*. His ex-spouse allegedly then called his "job . . . [and] stated [he] abused her . . . which led to the termination of [his] job." *Id*. Plaintiff claims that he "presented evidence [that proved he] was not guilty [and] still[] was barred from employment by OCRS [and] SCR." *Id*. at 6.

Plaintiff seeks $1 million in damages for "emotional distress, employment opportunities being interrupted [and] defamation." *Id*.

2

Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"), alleging, *inter alia*, that he has no income, is not presently employed, and that he has $0 in cash or in a checking, savings, or other account. *See* Dkt. No. 2 ¶¶ 2-4.

On April 6, 2026, the Honorable Laura Taylor Swain, United States Chief District Judge for the Southern District of New York, ordered that this action be transferred to this District pursuant to 28 U.S.C. § 1391(c)(1) given "the alleged events giving rise to [Plaintiff's] claims occurred . . . in Kings County, which is within the Eastern District of New York" so "it is reasonable to expect that all relevant documents and witnesses also would be in Brooklyn" and thus "[the Eastern District of New York] appears to be a more convenient forum for this action." Dkt. No. 4 at 2.

On April 15, 2026, the undersigned entered the following order to show cause:

> Plaintiff states that the basis for federal-court jurisdiction is diversity of citizenship, 28 U.S.C. 1332. Dkt. No. 1 at 2. Under 28 U.S.C. 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States." However, Plaintiff and Defendants are citizens of New York. Dkt. No. 1 at 2-3. By April 24, 2026, Plaintiff is directed [to] file a letter informing the Court whether he intends on voluntarily dismissing this action without prejudice, and if so, Plaintiff shall file a notice of voluntary dismissal.

Text Order, dated Apr. 15, 2026. The Court mailed a copy of the order to Plaintiff. *Id*.

Plaintiff did not respond to the Court's order. On April 28, 2026, the undersigned entered the following order:

> On April 15, 2026, Plaintiff was directed to file a letter informing the Court whether he intends on voluntarily dismissing this action without prejudice due to the potential lack of diversity of citizenship, and the Court mailed a copy of the order to pro se Plaintiff. No such document has been filed. By May 8, 2026, Plaintiff shall file a letter stating whether intends on voluntarily dismissing this action without prejudice. Failure to do so may result in a *sua sponte* report and recommendation that this action be dismissed.

Text Order, dated Apr. 28, 2026. The Court mailed a copy of the order to Plaintiff. *Id*.

3

Plaintiff did not respond to the Court's order.  On May 14, 2026, the undersigned ordered that Plaintiff had "one final opportunity to file a letter to state whether he intends on proceeding with this action" by May 20, 2026.  Text Order, dated May 14, 2026.  The Court added that "[f]ailure to do so may result in a *sua sponte* report and recommendation that this action be dismissed." *Id.*  The Court mailed a copy of the order to Plaintiff.  *Id.*

On June 9, 2026, the undersigned issued the below order:

> On April 15, 2026, Plaintiff was directed to file a letter informing the Court whether he intends on voluntarily dismissing this action without prejudice due to the potential lack of diversity of citizenship, and the Court mailed a copy of the order to pro se Plaintiff. Plaintiff failed to comply with the Court's order.  On April 28, 2026, the Court directed Plaintiff to file the letter stating whether he intends on voluntarily dismissing this action without prejudice, cautioned Plaintiff that the failure to do so may result in a *sua sponte* report and recommendation that this action be dismissed, and mailed a copy of the order to Plaintiff. Plaintiff again failed to comply with the Court's order.  On May 14, 2026, the Court gave Plaintiff one final opportunity to file a letter, by May 20, 2026, stating whether he intends on proceeding with this action, cautioned Plaintiff that the failure to do so may result in a sua sponte report and recommendation that this action be dismissed, and mailed a copy on pro se Plaintiff. Plaintiff failed to comply with the Court's order once again.
>
> In light of Plaintiff's *pro se* status, however, by June 23, 2026, Plaintiff shall file a letter indicating whether he intends on proceeding with this action.  Failure to do so may result in a sua sponte report and recommendation that this action be dismissed.

Text Order, dated Jun. 9, 2026.  The Court mailed a copy of the order to Plaintiff.  *Id.*

To date, Plaintiff has not filed any response to the Court's orders.

## II.     **Discussion**

### A.     **Plaintiff's Application to Proceed IFP**

The undersigned first addresses Plaintiff's application to proceed IFP.  "Under Second Circuit law, this Court must first consider whether plaintiff qualifies for [IFP] status, and then review the merits of the complaint under 28 U.S.C. § 1915(e)(2)." *Dawson v. Lippiccolo*, 590 F.

4

Supp. 3d 514, 516 (E.D.N.Y. 2022) (citing *Potnick v. E. State Hosp.*, 701 F. 2d 243, 244 (2d Cir. 1983)).  Title 28 U.S.C. § 1915(a)(1) states, "[s]ubject to subsection (b)," which governs cases in which "a prisoner brings a civil action or files an appeal in forma pauperis,"

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

Here, Plaintiff, who, upon information and belief, is not incarcerated, meets the financial qualifications required to commence this action without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1).  *See* Dkt. No. 2 ¶¶ 1-4 (stating that he is not incarcerated, has no income, is not presently employed, and that he has $0 in cash or in a checking, savings, or other account); 28 U.S.C. § 1915(a).  The undersigned therefore respectfully recommends that Plaintiff's IFP application be granted.

Nonetheless, as discussed further below, the undersigned *sua sponte* respectfully recommends dismissal of the Complaint.  *See Johnson v. Geico Ins. (Auto)*, No. 24-CV-4693 (LDH) (LB), 2025 WL 1191723, at *1 (E.D.N.Y. Apr. 23, 2025) (granting plaintiff's request to proceed *in forma pauperis* but dismissing complaint without prejudice *sua sponte* for lack of subject matter jurisdiction); *Dyer v. Edwin Gould Foster Care Agency*, No. 19-CV-531 (AMD) (LB), 2019 WL 442150, at *1 (E.D.N.Y. Feb. 4, 2019) (granting plaintiff's request to proceed *in forma pauperis* but dismissing complaint without prejudice for lack of subject matter jurisdiction); *Koso v. Haegele*, 18-CV-4400 (JMA) (AYS), 2018 WL 6531496, at *1 (E.D.N.Y. Dec. 11, 2018) (granting plaintiff's request to proceed *in forma pauperis* upon review of application but dismissing complaint without prejudice *sua sponte* for lack of subject matter

5

jurisdiction); *see also Dawson*, 590 F. Supp. 3d at 516 (granting plaintiff's *in forma pauperis* request upon review of application but dismissing complaint for failure to state a claim).

### B.  This Court Lacks Subject Matter Jurisdiction

Under Federal Rule Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3). "The federal district courts, as courts of limited jurisdiction, possess only such authority as is conferred by an act of Congress."  *Elliott v. Jaquez*, 777 F. Supp. 3d 136, 146 (E.D.N.Y. 2025) (adopting report and recommendation, and quoting *Portillo v. Bharara*, 527 F. App'x 48, 49 (2d Cir. 2013)).  "Original jurisdiction exists where a 'federal question' is presented, 28 U.S.C. § 1331, or when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000."  *Schabhuttl v. BJ's Membership Club, Inc.*, No. 23-CV-782 (NGG) (JMW), 2023 WL 3180379, at *1 (E.D.N.Y. May 1, 2023) (citing 28 U.S.C. § 1332).

Plaintiff asserts that this Court has original jurisdiction under 28 U.S.C. § 1332.  *See* Dkt. No. 1 at 2-3.  Jurisdiction pursuant to 28 U.S.C. § 1332(a) "requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."  *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 553 (2005)).  "[C]omplete diversity of all parties is an absolute, bright-line prerequisite to federal subject matter jurisdiction" under 28 U.S.C. § 1332. *Id*. at 119.  Thus, if a court "determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action," and "[t]his applies with equal force to pro se plaintiffs."  *Xinghai Liu v. Chinese Gov't of China*, 416 F. Supp. 3d 198, 200-01 (E.D.N.Y. 2019) (first citing Fed. R. Civ. P. 12(h)(3); and then citing *Chestnut v. Wells Fargo Bank N.A.*, No. 11-CV-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012)).  "The party asserting jurisdiction bears the burden of

6

proof." *Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 118 (citing *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006)).

Here, Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332 in the Complaint, but alleges that he is a citizen of New York and that Defendants OCFS, SCR, and NYPD are all citizens of New York. Dkt. No. 1 at 2-3. Thus, complete diversity under 28 U.S.C. § 1332 is lacking, as all parties to this action are, as asserted by Plaintiff, citizens of New York. *See Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117-18; *see also Johnson*, 2025 WL 1191723, at *3 (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state.")); *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."); *Koso*, 2018 WL 6531496, at *2 ("Because the parties are all domiciled in New York, diversity of citizenship is not satisfied.").

Accordingly, the undersigned respectfully recommends that the Complaint be dismissed for lack of diversity of citizenship jurisdiction. *See, e.g.*, *Johnson*, 2025 WL 1191723, at *3 (dismissing complaint *sua sponte* for lack of subject matter jurisdiction); *Koso*, 2018 WL 6531496, at *2 (same); *Otazhonov v. MTA*, No. 23-CV-3866 (PKC) (PK), 2023 WL 4034359, at *2 (E.D.N.Y. Jun. 15, 2023) (same).[3] Therefore, the Court lacks subject matter jurisdiction.

### C.    Plaintiff's Failure to Prosecute this Action

#### 1.    Legal Standard

---

[3] Liberally construed, the Complaint also does not involve a federal question under 28 U.S.C. § 1331. Dkt. No. 1 at 6 ("I request to sue in the amount of 1 million dollars for emotional distress, employment opportunities being interrupted, & defamation of character").

7

Even if this Court had subject matter jurisdiction, this action should be dismissed because Plaintiff has failed to prosecute this action and has failed to comply with multiple court orders.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Martinez v. McMillan*, No. 25-CV-918 (ENV) (JAM), 2026 WL 318858, at *5 (E.D.N.Y. Feb. 6, 2026), *report and recommendation adopted*, Text Order, dated Feb. 23, 2026 (citation omitted). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." *Nielsen v. J.C. Penny Co., Inc.*, No. 23-CV-5619 (JGLC) (HJR), 2025 WL 868495, at *2 (S.D.N.Y. Mar. 20, 2025) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2025 WL 1265807 (S.D.N.Y. Apr. 30, 2025), *dismissing appeal*, 2025 WL 3230517 (2d Cir. Oct. 15, 2025).

"While a district court's power to dismiss an action is inherent and dismissal under Rule 41(b) is subject to the discretion of the district court, the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy that should be utilized only in extreme situations, especially when dismissal is with prejudice or when a *pro se* litigant's claim is dismissed for failure to prosecute." *Martinez*, 2026 WL 318858, at *5 (internal quotation marks omitted) (first quoting *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021); and then quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court "considering a Rule 41(b) dismissal must weigh five factors." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

8

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).   No single factor is generally dispositive.  *Id.*; *see also Nita v. Conn. Dep't of Env'tl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Second Circuit has held that district courts should generally afford *pro se* litigants "special solicitude."  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citations omitted).  "Dismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'"  *Id.* (citation omitted); *see also Martinez*, 2026 WL 318858, at *5 ("While the Second Circuit has cautioned that 'pro se plaintiffs should be granted special leniency regarding procedural matters,' courts in this district have recognized that 'even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning.'" (quoting *Zeigler v. Annucci*, No. 23-CV-707 (KMK), 2025 WL 1056904, at *2 (S.D.N.Y. Apr. 8, 2025)).

### 2.      Analysis

Here, all five of the *Baptiste* factors weigh in favor of dismissal.

As to the first factor, Plaintiff has been non-compliant with Court orders since April 15, 2026, a period just shy of 90 days.  *See, e.g.*, Text Order, dated Apr. 15, 2026; Text Order, dated Apr. 28, 2026; Text Order, dated May 14, 2026; Text Order, dated Jun. 9, 2026.  In this Circuit, even a delay of a few months can warrant dismissal.  *See, e.g.*, *Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) ("Case law also supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under Federal Rule of Civil Procedure 41(b) (citation omitted)); *Prophete v. N.Y.C. Health & Hosps.*, No. 23-CV-11117

(RA), 2025 WL 315958, at *2 (S.D.N.Y. Jan. 28, 2025) (finding dismissal appropriate when Plaintiff had been unresponsive for three months); *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Toliver v. Okvist*, No. 10-CV-5354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. Jun. 5, 2014) (recommending dismissal of a case under Rule 41(b) where the plaintiff's response to a court order was five weeks overdue), *report and recommendation adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Plaintiff's *pro se* status does not excuse his noncompliance with Court orders. *See Agiwal*, 555 F.3d at 302 ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice" (citation omitted)); *Gibson v. City of New York*, No. 21-CV-4251 (GHW) (BCM), 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) ("[L]ike all litigants, *pro se* parties 'have an obligation to comply with court orders. When they flout that obligation they . . . must suffer the consequences of their actions.'" (citation omitted)), *report and recommendation adopted*, 2022 WL 3549875 (S.D.N.Y. Aug. 18, 2022).

As to the second factor, the Court has adequately put Plaintiff on notice that failure to comply with Court orders may result in dismissal of this action. On April 28, 2026, the Court noted that "[f]ailure to [comply] may result in a *sua sponte* report and recommendation that this action be dismissed," and noted the same in the May 14, 2026 and June 9, 2026 Text Orders. Text Order, dated Apr. 28, 2026; Text Order, dated May 14, 2026; Text Order, dated Jun. 9, 2026. The Clerk of the Court served the April 15, 2026, April 28, 2026, May 14, 2026, and June 9, 2026 Text Orders, respectively, on Plaintiff. *See* Text Orders, dated Apr. 15, 2026, Apr. 28, 2026, May

10

14, 2026, and June 9, 2026.  Such notices are sufficient to satisfy the second *Baptiste* factor.  *See Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (finding that a "layperson would have been put on notice of the possibility of dismissal" upon receiving two notices that an action "could be dismissed for a failure to prosecute"); *see also Rob v. Von Horn*, 808 F. Supp. 3d 505, 529 (E.D.N.Y. 2025) (Donnelly, J.) (adopting report and recommendation, and finding notice was sufficient under *Baptiste* as three orders from the court "provided explicit notice to [*pro se* plaintiff] that her failure to prosecute and comply with Court orders would result in dismissal of her case" (citations omitted)).

As to the third factor, Plaintiff's repeated failure to appear permits the Court to presume as a matter of law that Defendants will be prejudiced by further delay.  "Courts may presume such prejudice where, as here, [plaintiff] has caused an 'unreasonable delay.'"  *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. Jun. 8, 2022) (citations omitted); *see also Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." (citations omitted)).

As to the fourth factor, Plaintiff has been provided multiple opportunities to be heard, but has been unresponsive to the Court.  In making this determination, courts look to whether the plaintiff has had the opportunity to be heard, and to the plaintiff's interest in continuing to prosecute the case.  *Caussade,* 293 F.R.D. at 631.  Here, despite continuous and direct notifications of this Court's orders, Plaintiff has ignored the Court's directives since April, demonstrating a clear lack of interest in pursuing the case.  *See Nielsen*, 2025 WL 868495, at *2 (finding *Baptiste* factors weigh in favor of dismissal when plaintiff "ha[d] not communicated with the Court [in four months], despite several explicit orders from the Court."); *Martinez*, 2026 WL 318858, at *7 (same).  Plaintiff's repeated, knowing refusal to respond to the Court's orders

tips the balance in favor of clearing this stagnant case from the Court's docket due to Plaintiff's failure to prosecute.

As to the final factor, a lesser sanction would not be effective in forcing Plaintiff's compliance with Court orders.  Courts in this Circuit have found that no sanction less than dismissal is warranted where the plaintiff has "effectively disappeared," and is no longer communicating with the court, despite repeated orders to comply.  *Velt Corp. v. United States*, 19-CV-05463 (MKB) (ST), 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020), *report and recommendation adopted*, 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020); *see also Lewis v. Experian Info Sols., Inc.*, No. 23-CV-857, 2024 WL 4593424, at *3 (E.D.N.Y. Oct. 28, 2024) (Donnelly, J.) (explaining that a "lesser sanction is unlikely to remedy the prejudice resulting from [the plaintiff's] delay and failure to comply with court orders" (citation omitted)).

Moreover, the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  In light of the evaluation of the five factors above, the undersigned respectfully recommends that Plaintiff's non-compliance warrants dismissal under Federal Rule of Civil Procedure 41(b).

### III.    Dismissal without Prejudice

"[W]here federal subject matter jurisdiction does not exist, federal courts do not have the power to dismiss with prejudice, even as a procedural sanction."  *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 122 (2d Cir. 1999) (dismissing without prejudice for lack of subject matter jurisdiction in light of plaintiff's *pro se* status); *see, e.g.*, *Dyer*, 2019 WL 442150, at *1 (dismissing without prejudice for lack of subject matter jurisdiction); *Johnson*, 2025 WL 1191723, at *4 (same); *Koso*, 2018 WL 6531496, at *3 (same).

Further, in the context of Rule 41(b) of the Federal Rules of Civil Procedure, courts find that "dismissal without prejudice is a less harsh, and more appropriate, sanction" in the context of failure to prosecute motions against *pro se* plaintiffs. *Campbell v. City of New York*, No. 21-CV-4056 (JLR), 2023 WL 2561510, at *2 (S.D.N.Y. Mar. 17, 2023); *see also Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's *pro se* status"); *Febrianti v. N.Y.C. Health & Hosps.*, No. 23-CV-06175 (JLR) (SDA), 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025), *report and recommendation adopted*, 2025 WL 2411101 (S.D.N.Y. Aug. 20, 2025) (same). "Dismissal without prejudice adequately balances those interests in this case, by serving 'the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order.'" *Wilson*, 2022 WL 2065030, at *2 (quoting *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)).

Accordingly, the undersigned respectfully recommends that Plaintiff's claims be dismissed *without* prejudice.

## IV.    Conclusion

For the reasons set forth above, the undersigned *sua sponte* respectfully recommends the Court grant Plaintiff's request to proceed *in forma pauperis*, and dismiss the Complaint without prejudice for lack of subject matter jurisdiction and for failure to prosecute this action. The undersigned further respectfully recommends that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status be denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Dyer*, 2019 WL 442150, at *2.

The Clerk of the Court is directed to serve a copy of this Report and Recommendation on Plaintiff and note such service on the docket. Any objections to this Report and Recommendation must be filed within fourteen (14) days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Donnelly. The "failure to object timely to a [magistrate judge]'s report operates as a waiver of any further judicial review of the [magistrate judge]'s decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d. Cir. 1989)). .

Dated:    Brooklyn, New York
          July 10, 2026                        **SO ORDERED.**

                                                 /s/ Joseph A. Marutollo
                                               JOSEPH A. MARUTOLLO
                                               United States Magistrate Judge